**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 17-20085-CR-MARTINEZ**

**UNITED STATES OF AMERICA**

**vs.**

**ABHIJEETSINH JADEJA,**

**Defendant.**
_________________________________/

**UNITED STATES' UNOPPOSED MOTION FOR ORDER OF FORFEITURE, AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Pursuant to 18 U.S.C. § 981(a)(1)(C), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States of America (the "United States") hereby moves for the entry of an Order of Forfeiture in the above-captioned matter. Consistent with his Plea Agreement, the United States seeks a forfeiture money judgment in the amount of $167,400 in U.S. currency against Defendant Abhijeetsinh Jadeja. In support of this motion, the United States provides the following factual and legal bases.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

1. On or about January 27, 2017, a grand jury indicted Defendants Abhijeetsinh Jadeja ("Defendant Jadeja") and Rachel Jean Roragen ("Defendant Roragen") (collectively, the "Defendants") on one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and seven counts of wire fraud, in violation of 18 U.S.C. § 1343. *See* Indictment, ECF No. 1. Defendant Jadeja was also charged with one count of possession of 15 or more unauthorized access devices, in violation of 18 U.S.C. § 1029(a)(3), and two counts of aggravated identity theft, in violation of 18 U.S.C. § 1028A. *See id.* The Indictment also included forfeiture allegations,

which alleged that upon conviction of the charged violation and pursuant to 18 U.S.C. § 981(a)(1)(C), which is made criminally applicable by 28 U.S.C. § 2461(c), the Defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation. *Id.* at 6. Upon conviction of a violation of 18 U.S.C. § 1029, Defendant Jadeja shall forfeit to the United Sates any personal property used or intended to be sued to commit such violation, and any property constituting, or derived from, proceeds obtained directly or indirectly, as the result of such violation, pursuant to 18 U.S.C. § 982(a)(2)(B). *Id.* at 7.

2. On or about March 23, 2017, pursuant to a written Plea Agreement, Defendant Jadeja pleaded guilty to Count 1 of the Indictment, which charged him with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. *See* Minute Entry, ECF No. 28; Jadeja's Factual Proffer, ECF No. 29; Jadeja's Plea Agreement, ECF No. 30. In his Plea Agreement, Defendant Jadeja agreed to forfeit to the United States voluntarily and immediately all property, real or personal, which constitutes or is derived from proceeds traceable to the fraudulent scheme charged in Count 7 of the Indictment. Jadeja's Plea Agreement ¶ 12, at 6. He also agreed to consent to a forfeiture money judgment in the amount of at least $167,400 in U.S. currency. *See id.*

## II. LEGAL STANDARD

3. Property, real or personal, which constitutes, or is derived from, proceeds traceable to a conspiracy to commit wire fraud is subject to forfeiture. *See* 18 U.S.C. §§ 981(a)(1)(C); 28 U.S.C. § 2461(c). If a defendant is convicted of such a violation, the Court "shall order the forfeiture of the property as part of the sentence." *See* 28 U.S.C. § 2461(c). As part of the defendant's sentence, criminal forfeiture is governed by the preponderance standard. *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003). *See also Libretti v. United States*, 516

U.S. 29, 38-39 (1995) (holding that forfeiture is an "element of the sentence").

4. A forfeiture order may be sought as a money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A), (2)(A). *See also United States v. Padron*, 527 F.3d 1156, 1161-62 (11th Cir. 2008) (holding that Federal Rules of Criminal Procedure "explicitly contemplate the entry of money judgments in criminal forfeiture cases"). Upon finding that property is subject to forfeiture, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).

5. The Court determines the amount of the money judgment "based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). The amount of the money judgment should represent the full sum of the illegal proceeds, regardless of the defendant's ability to satisfy the judgment at the time of sentencing. *See United States v. McKay*, 506 F. Supp. 2d 1206, 1211 (S.D. Fla. 2007) (adopting the majority rule). *See also United States v. Blackman*, 746 F.3d 137, 143-44 (4th Cir. 2014) ("The fact that a defendant is indigent or otherwise lacks adequate assets to satisfy a judgment does not operate to frustrate entry of a forfeiture order. . . . To conclude otherwise would enable wrongdoers to avoid forfeiture merely by spending their illegitimate gains prior to sentencing."); *United States v. Vampire Nation*, 451 F.3d 189, 201-03 (3rd Cir. 2006) (money judgments "are appropriate even where the amount of the judgment exceeds the defendant's available assets at the time of conviction"); *United States v. Hall*, 434 F.3d 42, 59 (1st Cir. 2006) (" ... [E]ven if a

defendant does not have sufficient funds to cover the forfeiture at the time of the conviction, the government may seize future assets to satisfy the order.").

6. If directly forfeitable property is not available, the Court may order the forfeiture of substitute assets to satisfy a money judgment. *See* 21 U.S.C. § 853(p); 28 U.S.C. § 2461(c); Fed. R. Crim. P. 32.2(e). Substitute assets are available for forfeiture upon a showing that, due to the defendant's act or omission, directly forfeitable property:

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p).

## III. DISCUSSION

7. Based on the Defendant Jadeja's guilty plea and his Plea Agreement, the Court should enter a money judgment against Defendant Jadeja for a total of $167,400 in U.S. currency.

8. On or about May 11, 2017, the undersigned counsel contacted counsel for Defendant Jadeja regarding his position on the proposed forfeiture, and he indicated that the defendant does not oppose the motion.

9. Accordingly, the Court should issue the attached proposed order, which provides for the entry of a forfeiture money judgment in the sum of $28,400 in U.S. currency; the inclusion of the forfeiture as part of Defendant Jadeja's sentence and judgment in this case; and permission to conduct discovery to locate forfeitable assets.

WHEREFORE, pursuant to 18 U.S.C. § 981(a)(1)(C) and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests the entry of the attached order.

Respectfully submitted,

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

By: s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney
Fla. Bar No. 96139
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224
Facsimile: (305) 530-6166
nalina.sombuntham2@usdoj.gov

## LOCAL RULE 88.9 CERTIFICATION

The undersigned counsel hereby certifies that on or about May 11, 2017, at approximately 4:11 p.m., counsel for the United States contacted counsel for the Defendant Jadeja to confirm his position on the United States' Motion for Order of Forfeiture, and counsel for the Defendant represented that he does not oppose the motion on or about May 12, 2017.

s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically using CM/ECF on June 13, 2017, on all parties of record on the Service List below.

s/ Nalina Sombuntham
Nalina Sombuntham
Assistant United States Attorney

Service List

Daya Nathan
Assistant United States Attorney
U.S. Attorney's Office
99 N.E. 4th Street
Miami, Florida 33132-2111
Telephone: (305) 961-9147
daya.nathan@usdoj.gov

Nalina Sombuntham
Assistant United States Attorney
U.S. Attorney's Office
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9224
Facsimile: (305) 530-6166
nalina.sombuntham2@usdoj.gov
*Counsel for the United States*

Jason P. Grey
The Law Offices of Grey & Mourin
1800 SW 1st Street, Suite 206
Miami, Florida 33125
Telephone: (305) 325-8119
Facsimile: (305) 325-0569
greyandmourinpa@bellsouth.net
*Counsel for the Defendant Jadeja*

Juan Mourin
The Law Offices of Grey & Mourin
1370 NW 16th Street
Miami, Florida 33125
Telephone: (305) 325-8119
Facsimile: (305) 325-0569
greyandmourinpa@bellsouth.net
juan@greyandmourin.com
*Counsel for the Defendant Roragen*